UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRAIG J. MARTIN, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CHRISTINA FERRARO, KAREN HAWK, )<br>and CITY OF EVANSTON )<br>    Defendants. ) | 10-cv-4004<br><br>Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

*Pro se* plaintiff Craig J. Martin ("Martin") filed a second amended complaint against defendants the City of Evanston, Christina Ferraro, and Karen Hawk (collectively "the City" or "defendants") alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1983 ("§ 1983"), 42 U.S.C. § 1981 ("§ 1981"), and 42 U.S.C. §§ 2000e *et seq.* ("§ 2000e"). The City moves for summary judgment on all Martin's claims. For the following reasons, the City's motion is granted in its entirety.

**Background**

The undisputed facts of this case are relatively simple and largely undisputed.[1] In June 2005, Martin, a 59 year old African-American male, was hired by the City of Evanston Levy Senior Center as a temporary, part-time Building Supervisor. In May 2008 Martin became a

---

[1] This Court notes that Martin's Rule 56.1 Statement, whether viewed as a response or statement of additional facts, does not properly comply with Local Rule 56.1 and does not properly contain citations to affidavits, the record, or supporting material as required by Local Rules 56.1(b)(3)(A) and 56.1(b)(3)(B). Martin sent opposing counsel for defendants a copy of his Rule 56.1 Statement, but never filed his response electronically with this Court. Despite this Court's attempts to accommodate Martin and this Court granting Martin an extension to submit any additional documents he found necessary to his response, as of the date of this opinion Martin has yet to file or hand deliver any Response Brief, affidavits, or Rule 56.1 Statement to the Court directly. *See* Tr. Excerpt of December 20, 2012 Proceedings, Dkt. 109. This Court received a copy of Martin's Response and Rule 56.1 Statement from counsel for the defendants, as an attachment to the defendants' Reply Brief.

While courts are generally solicitous of *pro se* plaintiffs confronting the procedural requirements of responding to summary judgment motions, Martin's *pro se* status does not absolve him from meaningfully complying with Local Rule 56.1. *Laramore v. City of Chicago*, 2004 U.S. Dist. LEXIS 18240, at *7-8 (N.D. Ill. Sept. 9, 2004). This Court is also cognizant of Martin's failure to cooperate with three counsel appointed to represent him. In light of the extensive opportunities afforded Martin to file additional documents, this Court exercises its discretion to require compliance with the local rules governing summary judgment. Accordingly, the City's Local Rule 56.1(a)(3) statements are deemed admitted to the extent that they are properly supported by affidavits, record evidence, or other supporting material and Martin fails to properly contest them by citing to supporting materials. *See* Local Rule 56.1(b)(3)(B).

permanent, part-time Facility Supervisor. Martin complained to Christina Ferraro, the Director of Levy Center about his work schedule set by Karen Hawk, the Program Director of Levy Center. Martin was scheduled to have a meeting with Christina Ferraro on June 13, 2008 to discuss his complaints. However, on June 11, 2008, Martin sent Christina Ferraro a resignation letter with the subject line "Resignation – Faculty Supervisor, Evanston Levy Senior Center." (Def.'s Rule 56.1 Stmt. of Facts, Ex. 13). In the letter, Martin set forth his job complaints while making it clear that he intended to resign from his position "effective immediately." Per his request, the City of Evanston accepted Martin's resignation upon receipt of his letter on June 11, 2008.

Martin subsequently filed this instant action alleging that he was discriminated against and terminated in retaliation for complaints made during his employment. Martin alleges that the City's stated reasons for his termination are "false" and "untrue." The City of Evanston argues that summary judgment should be granted in its favor because Martin voluntarily resigned and fails to present any issue of material fact.

**Legal Standard**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The burden is upon the moving party to demonstrate that no genuine issue respecting any material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In determining whether a genuine issue of material fact exists, all ambiguities must be resolved and all inferences drawn in favor of the nonmoving party. *Abdullahi v. City of Madison*, 423, F.3d 763, 773 (7th Cir. 2005). However, "summary judgment is the put up or shut up moment in a lawsuit." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010). Once a party has made a properly-supported motion for summary judgment, the nonmoving party may not simply rest upon the pleadings but must instead submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial. *Id*.

**Discussion**

The City moves for summary judgment on Counts I and II of Martin's Second Amended Complaint arguing that Martin fails to present any direct or indirect evidence of retaliation. In

Counts I and II, Martin alleges that he was discriminated and retaliated against because of his race and for complaining to his supervisors in violation of § 2000e.

Title VII's anti-retaliation provision makes it unlawful for an employer to discriminate against an employee because the employee has "opposed any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e-3(a). A plaintiff may establish retaliation under either the direct or indirect method of proof. *Northington v. H&M Int'l*, 712 F.3d 1062 (7th Cir. 2013). Under the direct method of proof, a plaintiff must present evidence, direct or circumstantial, demonstrating that: "(1) he engaged in a statutorily protected activity; (2) he suffered a materially adverse action; and (3) a causal connection exists between the two." *Harper v. C.R. England, Inc.*, 687 F.3d 297, 306 (7th Cir. 2012). To prove a retaliation claim under the indirect method, a plaintiff must first establish a *prima facie* case by demonstrating that "(1) after lodging a complaint about discrimination, (2) only he, and not any otherwise similarly situated employee who did not complain, was (3) subjected to an adverse employment action even though (4) he was performing his job in a satisfactory manner." *Whittaker v. N. Ill. Univ.*, 424 F.3d 640, 647 (7th Cir. 2005).

Here, Martin fails to establish retaliation under either a direct or indirect method of proof. Under the direct method of proof, Martin fails to establish a causal connection between his alleged protected action of complaining to supervisors and his termination. A causal link between protected conduct and the retaliatory act may be established by showing that the protected conduct was a substantial or motivating factor in the employer's decision. *Antonetti v. Abbott Labs*, No. 07 C 0768, 2008 U.S. Dist. LEXIS 14141, at *26-27 (N.D. Ill. Feb. 22, 2008). Martin fails to make such a showing and offers no evidence demonstrating that his complaints to a supervisor were a substantial or motivating factor in the City's decision to terminate him. Even if this Court were to ignore Martin's failure to comply with the local rules, Martin still fails to offer any evidence that he was terminated because of his race. In fact, notwithstanding Martin's arguments, his June 11, 2008 letter requesting that his resignation be effective immediately is the only evidence proffered concerning the City's reasons for terminating his employment.

Additionally, Martin fails to establish a prima facie case under the indirect method of proof. Martin proffers no evidence that he was subjected to any adverse action that other similarly situated employees were not subject to. Once again, were this Court to ignore Martin's failure to comply with the local rules, Martin still fails to make the necessary showings under the

indirect method. Martin simply alleges that the City provided false and untrue explanations for its decision to terminate his employment without any supporting facts. Accordingly, the City's motion for summary judgment as to Counts I and II of Martin's Second Amended Complaint is granted.

Martin's allegations of racial discrimination in violation of § 1981 (Counts III and IV) similarly fail. Martin makes the same factual allegations as listed in Counts I and II; namely, that the City terminated him for making complaints about his schedule and that the defendants' stated reasons for terminating his employment were "false and untrue." § 1981 prohibits discrimination on the basis of race in the making, enforcing, and terminating of contracts, including employment contracts. 42 U.S.C. § 1981. Similar to Title VII's anti-retaliation provision, a claim of discrimination under § 1981 may be pursued via the direct or indirect method of proof. The direct method requires Martin to produce evidence that the City was motivated by animus based upon his race when it discriminated against him in the making and enforcing of a contract. *De v. City of Chicago*, No. 11 C 4521, 2012 U.S. Dist. LEXIS 178693, 2012 WL 6605009, at *13 (N.D. Ill. Dec. 14, 2012). Alternatively, Martin can proceed under the indirect method, which requires him to demonstrate that "(1) he is a member of a racial minority; (2) [the City] had the intent to discriminate on the basis of race; and (3) the discrimination concerned the making or enforcing of a contract." *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 756 (7th Cir. 2006).

Martin fails to provide any evidence necessary to sustain his § 1981 allegations. Martin cites to no evidence demonstrating a discriminatory intent of the City or that discrimination played a role in his termination. Additionally, outside of his conclusory statements, Martin provides no evidence that the City was motivated by animus based on his race at the time he was allegedly discriminated against. Accordingly, the City's motion for summary judgment as to Counts III and IV of Martin's Second Amended Complaint is granted.

Martin's allegations of racial discrimination in violation of Title VII and § 1983 (Counts V and VI) also fail. Employment related race discrimination claims under Title VII, § 1981, and § 1983 are analyzed under the same framework. *Egonmwan v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 845, 850 n.7 (7th Cir. 2010) ("The same requirements for proving discrimination apply to claims under Title VII, § 1981, and § 1983"). Accordingly, the City's motion for summary

judgment as to Counts V and VI of Martin's Second Amended Complaint alleging violations of Title VII and § 1983 is granted.

**Conclusion**

The defendants' motion for summary judgment is granted in its entirety. Martin's Second Amended Complaint is therefore dismissed.

IT IS SO ORDERED.

Date: June 7, 2013

Sharon Johnson Coleman
United States District Judge